Jennifer L. Del Medico
JONES DAY
222 East 41st Street
New York, New York  10017-6702
(T) +1.212.326.3939
(F) +1.212.755.7306
jdelmedico@jonesday.com

Susan M. Kayser
Lucy Jewett Wheatley
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
Fax:  (202) 626-1700
skayser@jonesday.com
lwheatley@jonesday.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MINA NEMATALLA, MINA NOSSIER, ADAMANTIUM INTERNATIONAL LLC, AND JOHN DOES 1-10 INCLUSIVE, <br><br> Defendants. | CASE NO. _____ <br><br> **COMPLAINT** |

**NATURE OF THE ACTION**

1.      Plaintiff Victoria's Secret Stores Brand Management, Inc. ("Plaintiff," "Company" or "Victoria's Secret") is seeking, *inter alia*, pecuniary and injunctive relief to stop the named defendants' and John Doe defendants' (collectively "Defendants") fraudulent and unlawful use of non-genuine and/or counterfeit "discounts" and "credits" to obtain large quantities of Victoria's Secret branded products at prices well below what other customers pay for the same

goods. Defendants include a former manager at Victoria's Secret who was privy to the Company's customer service and pricing policies and programs designed to enhance the customer's experience and value of the Victoria Secret's brand. Defendants, with full knowledge of the purpose and proper use of the Company's pricing policies and customer discounts, have conspired with others to use non-genuine and fraudulently obtained "credits" and "discounts" to obtain product at prices not available to other customers, defraud Plaintiff of substantial sums, and cause harm to Victoria's Secret. Defendants are liable for fraud, conversion, unjust enrichment, and violations of the Trademark and Unfair Competition Laws of the United States, 15 U.S.C. §§ 1051 et seq., and N.J. Rev. Stat. § 56:4-1, among other claims. Defendants' illegal acts have caused harm to Victoria's Secret, and have caused significant damage to Plaintiff.

## JURISDICTION AND VENUE

2.  This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff is incorporated in Delaware and has a principal place of business in Ohio, and the Defendants are citizens of New Jersey and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

3.  This court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq.; 15 U.S.C. § 1121; 28 U.S.C. § 1338(a) and (b); and 28 U.S.C. § 1331. This court has jurisdiction over the claims in this action that arise under the laws of the State of New Jersey pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.  This court may properly exercise personal jurisdiction over Defendants because Defendants: (1) are domiciled in or have their principal place of business in New Jersey; (2) transact business within the State of New Jersey and this District; (3) have committed the tortious acts specified herein within the State of New Jersey; and (4) have committed tortious

acts within and outside the State of New Jersey causing injury to persons or property within the State of New Jersey, and either regularly do or solicit business, engage in other persistent course of conduct, and/or derive substantial revenue from goods used or consumed or services rendered in the State of New Jersey.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c). The wrongful acts alleged herein have been committed in this district.  Further, Defendants are subject to personal jurisdiction in this district, and a substantial part of the events giving rise to Victoria's Secret's claims occurred in this district.

## THE PARTIES

6. Victoria's Secret Stores Brand Management, Inc. ("Plaintiff", "Company", or "Victoria's Secret") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at Four Limited Parkway, Reynoldsburg, Ohio 43068. Victoria's Secret is the leading specialty retailer of women's intimate apparel, prestige fragrances and cosmetics.  Victoria's Secret® products are sold at more than 1,000 Victoria's Secret® stores in the U.S., Canada and the United Kingdom, through the Victoria's Secret® catalogue and on online.

7. Adamantium International LLC ("Adamantium") is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 579 Pompton Avenue, Cedar Grove, New Jersey, 07009.  Adamantium International LLC advertises online that it sells Victoria's Secret® body care products.

8. Mina Nematalla is an individual who resides at 41 East 43rd Street, Bayonne, New Jersey, 07022.  Defendant Nematalla is currently a Managing Member of and the Registered Agent for Defendant Adamantium International LLC.

9. Mina Nossier is an individual who resides at 17 West 32nd Street, Bayonne, New Jersey, 07002.  Defendant Nossier is currently a Managing Member of Defendant Adamantium International LLC.

10. John Does 1-10, on information and belief, are individuals, and co-conspirators of Defendant Nematalla and Defendant Nossier, who also use fraudulent and unlawful means to obtain Victoria's Secret products, but whose identity and number are presently unknown.

## FACTS COMMON TO ALL COUNTS

**A.  Victoria's Secret's Successful Line of VS Fantasies Body Care Products**

11. Victoria's Secret is well known throughout the United States and beyond as the leading specialty retailer of women's intimate apparel, prestige fragrances and cosmetics. Victoria's Secret® products are sold at more than 1,000 Victoria's Secret® stores in the U.S., Canada and the United Kingdom, through the Victoria's Secret® catalogue and on online.

12. One of Victoria's Secret's popular product lines is its Victoria's Secret® VS Fantasies body care product line which includes hand and body creams and lotions, fragrance mists, body washes, scrubs, shower and bath oils, shave gels, and other personal care products in a wide variety of scents and colors.

13. Victoria's Secret® VS Fantasies body care products are known for their high quality, and have become popular with consumers, with sales in the hundreds of millions annually.

14. Victoria's Secret sells its products, including its Victoria's Secret® VS Fantasies body care products in dedicated sections of Victoria's Secret® stores, online at www.victoriassecret.com, through the Victoria's Secret® catalogues, and abroad through authorized duty-free and other international locations.

**B.  Victoria's Secret Customer Service and Customer Experience Managers**

15. Victoria's Secret provides extensive training to its managers and employees to provide excellent customer service and other retail store services at all Victoria's Secret® retail stores.

16. Customer Experience Managers ("CEMs") and Victoria's Secret sales persons who assist customers in Victoria's Secret® stores are trained to provide Victoria's Secret® retail store services, including implementing Victoria's Secret's sales policies, promotional offers, discounts, return policies, and other offers.

17. For example, one type of promotion offered by Victoria's Secret for its Victoria's Secret® VS Fantasies body care line is a discount for multiple purchases such as "3 for $25", "5 for $30", or "6 for $35 and one free".

18. CEMs are trained to properly calculate and apply in-store discounts on Victoria's Secret® VS Fantasies body care products in accordance with Victoria's Secret policies. Victoria's Secret's policies are designed to ensure that discounts are consistently applied across all stores and for all customers, and that discounts are calculated correctly to prevent over- or under-charging consumers.

19. As an additional service for customers, CEMs, in addition to other sales personnel, are trained to offer store credit for Victoria's Secret® items returned without a receipt.

20. In the rare instance that a customer has had a less than satisfactory experience at a Victoria's Secret® store, CEMs and other Victoria's Secret employees are trained to offer an "appeasement" card. An appeasement card entitles the bearer to a one-time discount on their next purchase from Victoria's Secret.

21. CEMs and other Victoria's Secret employees are trained that appeasement cards are only offered to a customer with a legitimate complaint, cannot be re-used, and are subject to terms, conditions and limitations listed on the card. The terms, conditions and limitations are intended to ensure that the cards are only used for a limited one-time use. On average, only approximately 10 appeasement cards are redeemed per month at any given Victoria's Secret® retail store.

22. An example of an appeasement card from a time period relevant to this complaint is attached as Exhibit A hereto.

23. Victoria's Secret CEMs are trained to offer all services consistently and fairly across all customers, and to conduct themselves with honesty and integrity in all of their actions as a Victoria's Secret employee.

24. Due to the focus on customer service and positive customer experience, including the training of its managers who are also responsible for ensuring that other sales personnel follow these policies, the Victoria's Secret® brand is recognized as a premiere brand with excellent customer service throughout the United States and elsewhere.

25. Victoria's Secret has used the Victoria's Secret® trademark in the United States in connection with these retail store services since at least as early as 1977. Victoria's Secret's rights in and to the Victoria's Secret® trademark in connection with retail store services are embodied, in part, in the United States Registrations 2,455,260 and 1,908,042. True and correct copies of United States Registrations 2,455,260 and 1,908,042 and print-outs showing their current status are attached hereto as Exhibit B.

26. Victoria's Secret does not authorize the distribution of store credits or appeasement cards outside of Victoria's Secret stores, and does not authorize the use of store credits or appeasement cards outside of their intended purpose.

    **C.**     **Mina Nematalla's Fraudulent Conduct as a Victoria's Secret Employee**

27. Defendant Nematalla was employed by Victoria's Secret from approximately November 2009 until December 31, 2011, and was a CEM at Victoria's Secret® retail stores.

28. For the majority of his time as a Victoria's Secret employee, Defendant Nematalla worked at the Victoria's Secret® store in Garden State Plaza in Paramus, New Jersey.

29. Defendant Nematalla's responsibilities as CEM included providing customer service and supervising other employees. As part of his job responsibilities, Defendant Nematalla was trained how to properly apply and calculate in-store discounts, accept customer returns and authorize store credit, and approve the issuance of any appeasement cards.

30. On information and belief, while acting as a CEM, Defendant Nematalla originated and/or joined a conspiracy with other currently unknown co-conspirators to obtain through fraudulent means large quantities of the popular Victoria's Secret® VS Fantasies body care products and resell those products at a profit, in direct competition with and to the detriment of Victoria's Secret.

31. Defendant Nematalla repeatedly violated Victoria's Secret policies, instructed other employees to violate Victoria's Secret policies, and misappropriated Victoria's Secret® VS Fantasies body care products and appeasement cards bearing the trademark Victoria's Secret®.

32. In direct violation of Company policies of which Defendant Nematalla was aware, he gave Victoria's Secret® VS Fantasies product to customers who purchased large quantities of Victoria's Secret® VS Fantasies body care products prior to and without payment to Victoria's Secret, stored product overnight for certain customers, and instructed store employees to transport and load product that was either not paid for and/or given away with substantial unauthorized discounts. All of these actions were in violation of Company policy and were not authorized services for any customers.

33. In his CEM role, Defendant Nematalla further instructed his co-workers to violate Victoria's Secret policies by giving extra discounts to his co-conspirator customers. Defendant Nematalla himself, and/or store employees acting at his direction, would return used Victoria's Secret® appeasement cards to the co-conspirators so they could re-use them in other transactions, would allow Defendant Nematalla's co-conspirators to re-use discounts repeatedly, and would violate terms and conditions on discounts to allow the Defendant co-conspirators to receive discounts on ineligible purchases.

34. Defendant Nematalla and/or employees acting at his instruction gave the Defendant co-conspirators discounts in violation of Victoria's Secret's policies; gave Victoria's Secret® VS Fantasies body care products without requiring payment; and would intentionally fail to scan or charge Defendant co-conspirators for some Victoria's Secret® VS Fantasies body care products.

35. Defendant Nematalla, and employees acting at his instructions, would also purposely apply in-store promotions incorrectly in order to get larger discounts and/or free Victoria's Secret® VS Fantasies body care products for Defendant co-conspirators.

36. In return for assisting him in these unlawful actions, Defendant Nematalla encouraged his co-workers to accept "tips" and gifts, including cash, gift cards, sneakers and designer handbags, from Defendant co-conspirators. Defendant Nematalla himself accepted gifts from his co-conspirators in return for his cooperation.

37. Defendant Nematalla concealed his fraudulent activities from Victoria's Secret. Defendant Nematalla instructed his co-workers not to inform the Store Manager about the fraudulent activities related to sales of Victoria's Secret® VS Fantasies body care products.

38. During Nematella's employment at Victoria's Secret, Victoria's Secret required that employees fill out forms documenting any sales over a certain dollar amount. To further conceal his fraudulent activities, Defendant Nematalla instructed his co-workers not to fill out forms required by Victoria's Secret.

39. On information and belief, while working at Victoria's Secret Defendant Nematalla maintained his own business selling Victoria's Secret® VS Fantasies body care products.

40. On information and belief, Defendant Nematalla, in return for compensation, also assisted Defendant co-conspirators to unlawfully obtain Victoria's Secret® VS Fantasies body care products.

41. Defendant Nematalla was terminated for a policy violation, which hampered Victoria Secret's ability to learn the full extent of his fraudulent activities.

42. Defendant Nematalla's fraudulent and unlawful actions while employed at the Victoria's Secret® Garden State Plaza store resulted in significant damage to Victoria's Secret in the form of lost revenue on sales of Victoria's Secret® VS Fantasies body care products.

**D.     Defendants' Continuing Fraudulent Conduct**

43.    Previously unknown to Victoria's Secret, and just recently discovered, Defendant Nematalla continued to defraud Victoria's Secret after leaving his CEM position.

44.    In early 2014, noticing an unusual increase in sales and use of appeasement cards to purchase Victoria's Secret® VS Fantasies body care products at Victoria's Secret® stores located in Jersey City and Short Hills, New Jersey, the Company learned that multiple transactions were linked to Defendant Nematalla.

45.    Further investigation revealed over 249 transactions linked to Defendant Nematalla between January 2013 through February 2014. During this period, Defendant Nematalla used multiple credit cards, and multiple discounts and/or appeasement cards to purchase over 89,700 units of Victoria's Secret® VS Fantasies body care products with a retail value of at least $426,681. Defendant Nematalla, by using fraudulent discounts and/or appeasement cards, obtained these products for only $286,485. Defendant Nematalla's use of fraudulent discounts and/or appeasement cards defrauded Plaintiff of, and unjustly enriched Defendant Nematalla, by at least $140,196.

46.    Between August 2013 through November 2013 Defendant Nematalla also used over $10,000 worth of "store credits" to purchase Victoria's Secret® VS Fantasies body care products.

47.    Further investigation revealed over 146 transactions linked to Defendant Nossier between February 2013 through August 2013. During this period, Defendant Nossier used multiple credit cards, and multiple discounts and/or appeasement cards to purchase over 27,000 units of Victoria's Secret® VS Fantasies body care products with a retail value of at least $131,452. Defendant Nossier, by using fraudulent discounts and/or appeasement cards, obtained these products for only $93,695. Defendant Nossier's use of fraudulent discounts and/or appeasement cards defrauded Plaintiff of, and unjustly enriched Defendant Nossier, by at least $37,757.

48. Between April 2013 through January 2014, Defendant Nossier also used over $10,000 worth of "store credits" to purchase Victoria's Secret® VS Fantasies body care products.

49. On information and belief, Defendants misappropriated and/or forged Victoria's Secret® appeasement cards in order to use those cards to purchase and resell discounted Victoria's Secret® VS Fantasies body care products for a profit.

50. On information and belief, the merchandise used to obtain the "store credit" used by Defendants was stolen from Victoria's Secret stores and returned without a receipt to obtain store credit. The subsequently issued store credit was then purchased by, or otherwise obtained by, Defendants for use to fraudulently obtain Victoria's Secret® VS Fantasies body care products at discounted prices.

51. On information and belief, Defendants knowingly used store credits obtained from the return of stolen merchandise to obtain Victoria's Secret® VS Fantasies body care products.

52. By using fraudulent means to purchase Victoria's Secret® VS Fantasies body care products in large quantities at severely discounted prices, Defendants are unjustly enriched. While the complete extent of Defendants' activities is not yet known, Defendants are actively involved in several integral components of the conspiracy.

53. Defendants' fraudulent purchase, sales and/or distribution of Victoria's Secret® VS Fantasies body care products have caused, and unless enjoined, will continue to cause, Plaintiff significant harm and damages.

**FIRST CLAIM FOR RELIEF**
**(Fraud)**
**(Against All Defendants)**

54. Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 53 above, as if set forth fully herein.

55. Defendants made material misrepresentations to Victoria's Secret by using misappropriated or counterfeit appeasement cards and unauthorized multiple discounts to purchase Victoria's Secret® VS Fantasies body care products in large quantities for severely discounted prices well below what other customers would pay for the same goods.

56. Defendants made material misrepresentations to Victoria's Secret by using non-genuine store credits derived from the return of stolen merchandise without receipts in order to purchase Victoria's Secret® VS Fantasies body care products in large quantities.

57. Defendant Nematalla made material misrepresentations to Victoria's Secret by falsifying sales records to conceal the theft and conversion of Victoria's Secret® VS Fantasies body care products.

58. Defendants intended that Victoria's Secret would rely on Defendants' material misrepresentations and sell Defendants and their co-conspirators large quantities of Victoria's Secret® VS Fantasies body care products for severely discounted prices well below what other customers would pay for the same goods.

59. Victoria's Secret reasonably relied on Defendants' fraudulent misrepresentations.

60. As a direct and proximate result of Defendants' fraudulent misrepresentations, Victoria's Secret has suffered damages.

## SECOND CLAIM FOR RELIEF
### (Conversion)
### (Against All Defendants)

61. Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 60 above, as if set forth fully herein.

62. Defendants wrongfully interfered with Victoria's Secret's property rights in its Victoria's Secret® VS Fantasies products, and other property of Victoria's Secret.

63. Defendants deprived Victoria's Secret of the Victoria's Secret® VS Fantasies body care products and other property through wrongful and unlawful means.

## THIRD CLAIM FOR RELIEF
### (Breach of Duty of Loyalty)
### (Against Mina Nematalla)

64. Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 63 above, as if set forth fully herein.

65. Defendant Nematalla was previously employed by Victoria's Secret in a managerial role and position of trust.

66. While employed by Victoria's Secret, Defendant Nematalla breached his duty of loyalty to Victoria's Secret by defrauding Victoria's Secret out of its Victoria's Secret® VS Fantasies body care product by providing it for free and through fraudulent use of multiple discounts and credits.

67. While employed by Victoria's Secret, Defendant Nematalla breached his duty of loyalty to Victoria's Secret by converting Victoria's Secret property, failing to follow policies to accurately record sales and directing employees who reported to him to do the same, self dealing, and competing with Victoria's Secret for sales of the Victoria's Secret® VS Fantasies product.

68. Defendant Nematalla's fraudulent actions were contrary to the interest of Victoria's Secret and caused harm to Victoria's Secret.

## FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)
### (Against All Defendants)

69. Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 68 above, as if set forth fully herein.

70. By purchasing the Victoria's Secret® VS Fantasies body care products using misappropriated and/or counterfeit appeasement cards, store credits derived from stolen merchandise, reusing one-time only discounts, and/or exceeding maximum allowable discounts in violation of terms and conditions, and other means, Defendants have obtained benefits from Victoria's Secret which have caused significant harm to Victoria's Secret and led to significant financial gain to Defendants.

71. Defendants have acquired these benefits voluntarily and with full knowledge of these benefits.

72. Defendants have retained the benefits under such circumstances that make it unjust and inequitable for Defendants to retain the benefits without paying Victoria's Secret the value of the benefits Defendants acquired.

73. There is no adequate remedy at law to fully compensate Victoria's Secret for the harm caused by Defendants' unjust enrichment.

**FIFTH CLAIM FOR RELIEF**
(Civil Conspiracy)
(Against All Defendants)

74. Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 73 above, as if set forth fully herein.

75. Defendant Nematalla, while a Victoria's Secret employee, conspired with the John Doe Defendants to defraud Victoria's Secret by using misappropriated or fraudulent discounts to fraudulently obtain Victoria's Secret's valuable Victoria's Secret® VS Fantasies products. Following his departure, Defendants and the John Doe Defendants continued to conspire to further defraud Victoria's Secret by using Defendant Nematalla's knowledge of Victoria's Secret's policies and procedures to continue to obtain Victoria's Secret® VS Fantasies products using fraudulent and unlawful means.

76. An agreement and conspiracy existed and continues to exist between and among the Defendants to purchase large quantities of Victoria's Secret® VS Fantasies body care products using fraudulent and unlawful means. Defendants' conduct is fraudulent, is unjustly enriching Defendants, has converted property rightfully belonging to Plaintiff, and is unfair competition, among other things.

77. Defendants knowingly agreed to engage, and did engage, in one or more overt unlawful acts in pursuit of the conspiracy as set forth with more particularity in this Complaint.

78. Victoria's Secret has been proximately damaged by the conspiracy and Defendants' actions in furtherance thereof.

79. There is no adequate remedy at law to fully compensate Victoria's Secret for the harm caused by Defendants' conspiracy.

### SIXTH CLAIM FOR RELIEF
**(Unfair Competition Under N.J. Rev. Stat. § 56:4-1)**
**(Against All Defendants)**

80. Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 79 above, as if set forth fully herein.

81. Defendants have and are engaged in fraudulent acts or practices in violation of the prohibition against deceptive acts and practices found at N.J. Rev. Stat. Law § 56:4-1.

82. Defendants made material misrepresentations to Victoria's Secret by, on information and belief, using misappropriated or counterfeit appeasement cards bearing the trademark Victoria's Secret® in order to obtain Victoria's Secret® VS Fantasies body care products in large quantities for severely discounted prices well below what other customers pay for the same goods.

83. Defendants made material misrepresentations to Victoria's Secret by, on information and belief, using store credits bearing the trademark Victoria's Secret® derived from the return of stolen merchandise without a receipt in order to unlawfully obtain Victoria's Secret® VS Fantasies body care products in large quantities for severely discounted prices well below what other customers pay for the same goods.

84. Defendants' material misrepresentations deceived their intended audience, resulting in harm to Victoria's Secret.

85. The misappropriated and/or forged appeasement cards and fraudulent store credits traveled in interstate commerce.

86. Defendants' use of the trademark Victoria's Secret® in the above-described manner constitutes unfair competition as prohibited by N.J. Rev. Stat. § 56:4-1.

87. Defendants had actual knowledge of Victoria's Secret's rights at the time they decided to use the trademark Victoria's Secret® in connection with their scheme. Thus, Defendants willfully and deliberately infringed upon Victoria's Secret's rights.

88. Defendants' unfair business practices are of a recurring nature and harmful to consumers and the public at large, as well as Victoria's Secret. These practices constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue, and misleading advertising.

89. As a result of Defendants' acts, Victoria's Secret has suffered pecuniary damages to be proved at trial. Unless enjoined by this Court, Defendants will continue these acts, thereby causing Victoria's Secret further damage.

## SEVENTH CLAIM FOR RELIEF
**(Unfair Competition and False Designation of Origin, Lanham Act, Section 43(a))**
**(Against All Defendants)**

90. Victoria's Secret repeats and realleges the allegations set forth in paragraphs 1 through 89 above, as if set forth fully herein.

91. Victoria's Secret owns the exclusive rights to the trademark Victoria's Secret®. Victoria's Secret's use of the trademark Victoria's Secret® in the United States predates that of Defendants.

92. Notwithstanding Victoria's Secret's well known and prior common law and statutory rights in the trademark Victoria's Secret®, Defendants have, with notice of Victoria's Secret's federal rights, and long after Victoria's Secret established its rights in the trademark Victoria's Secret®, adopted and used the trademark Victoria's Secret® in conjunction with retail stores services, such as appeasement cards, in interstate commerce. On information and belief, some of the discount cards used by Defendants bearing the trademark Victoria's Secret® are not genuine and/or counterfeit.

93. Defendants' use of the Victoria's Secret® trademark is without the authorization of Victoria's Secret and is likely to deceive.

94.     Victoria's Secret has not authorized, licensed, or otherwise condoned or consented to Defendants' use of the Victoria's Secret® trademark.

95.     Despite the fact that Defendants have actual knowledge of Victoria's Secret's rights in and to the Victoria's Secret® trademark, Defendants have used, and upon information and belief, will continue to use the Victoria's Secret® trademark in complete disregard of Victoria's Secret's rights.

96.     Defendants have misappropriated Victoria's Secret's substantial rights in and to the Victoria's Secret® trademark, as well as the goodwill associated therewith.  Unless restrained and enjoined by this Court, such conduct will permit Defendants to gain an unfair competitive advantage over Victoria's Secret.

97.     Upon information and belief, the acts of Defendants were committed with full knowledge of Victoria's Secret's rights and with the intention of causing harm to Victoria's Secret.

98.     As a direct and proximate result of Defendants' unlawful infringement, Victoria's Secret has suffered damages and will continue to suffer damages in an amount that is not presently ascertainable, but will be proven at trial.  Unless enjoined by this Court, Defendants will continue these acts, thereby causing Victoria's Secret further damage.

## PRAYER FOR RELIEF

WHEREFORE, Victoria's Secret requests that the Court enter a judgment in its favor and against Defendants:

a) awarding actual damages;

b) awarding consequential damages;

c) awarding attorneys' fees and costs as permitted by statute;

d) awarding punitive damages;

e) enjoining further violations and deceptive trade practices;

f) awarding pre-judgment and post-judgment interest on any award; and

g) granting such further and other supplemental relief as the Court may deem appropriate.

Dated: April 4, 2014

Respectfully submitted,

VICTORIA'S SECRET STORES BRAND MANAGEMENT, INC.

By: */s Jennifer Del Medico*
Jennifer L. Del Medico
JONES DAY
222 East 41st Street
New York, New York  10017-6702
(T) +1.212.326.3939
(F) +1.212.755.7306

Susan M. Kayser
Lucy Jewett Wheatley
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
(202) 879-3939
Fax:  (202) 626-1700

WAI-3166188v6