NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VICTORIA'S SECRETS STORES BRAND MANAGEMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEMATALLA, et al.,<br><br>Defendants. | Civil Action No.: 14-2180 (JLL)<br><br>**ORDER** |

This matter comes before the Court by way of a Motion for Default Judgment by Plaintiff against Defendant Adamantium International LLC ("Adamantium") only on the claim of unjust enrichment. (Pl.'s Mot. at 1.) By way of its motion, Plaintiff withdraws all other claims against Adamantium. (Id.) Plaintiff's motion for default judgment is unopposed. The Court has reviewed Plaintiff's motion, the pleadings, and the docket in this matter, and finds:

1. On September 21, 2015, pursuant to a settlement agreement with the parties, this Court dismissed the claims against the individual defendants Mina Nematalla and Mina Nossier without prejudice. (*See* ECF No. 56.)

2. Also on September 21, 2015, the Clerk entered default against the corporate defendant, Adamantium. The corporate defendant has been unrepresented since April 1, 2015.

3. The motion for default judgment submitted by Plaintiff relies on the pleadings in the matter and an attorney declaration; no affidavit or other supporting documents from Plaintiff were submitted. Plaintiff appears to be seeking almost $200,000 in damages from Adamantium. (*See* Pl.'s Mot. at 3.)

4. Plaintiff is correct that generally well-pleaded factual allegations will be accepted as true for purposes of a motion for default judgment. However, that is not true for the measure of damages. *See DirecTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d. Cir. 2005) ("[W]hile the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment, legal issues remain subject to its adjudication."). Additionally, as the Third Circuit stated in *DirecTV*, the legal claim must be proven to succeed on a motion for default judgment. *Id.*

5. Under New Jersey law, to establish a claim for unjust enrichment, "a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994).

6. Plaintiff has not established the elements for an unjust enrichment claim **with respect to Adamantium**. The First Amended Complaint ("FAC") (ECF No. 12) contains almost no allegations regarding Adamantium, as opposed to the individual defendants. Plaintiff alleges that "Adamantium International LLC advertises online that it sells Victoria Secret body care products," and it alleges that Defendants Nematalla and Nossier are "currently . . . Managing Member[s] of Defendant Adamantium International LLC." (FAC ¶¶ 7-9.) There are no other specific allegations related to Adamantium in the FAC. Plaintiff does allege that "[o]n information and belief, while working at Victoria's Secret Defendant Nematalla maintained his own business selling Victoria's Secret VS Fantasies body care products" (*see id.* at ¶ 40), but the FAC does not identify which business. In short, while the FAC has numerous allegations related to the individual defendants, it does not connect the dots between the individual defendants' conduct and an unjust benefit received by Adamantium. General allegations referencing "Defendants" does not cure the absence of specific allegations related to Adamantium. Plaintiff also has not sufficiently supported the amount of damages, even if it could

2

establish the claim. The FAC statements related to the damages are lump sum amounts supplied in allegations related to the individual defendants. (*See* FAC ¶¶ 46-49.)

Accordingly,

**IT IS** on this 26 day of October, 2015,

**ORDERED** that Plaintiff's motion for default judgment against Adamantium (ECF No. 58) is granted in part and denied in part. It is granted to the extent of dismissing the claims against Adamantium for fraud, conversion, civil conspiracy, unfair competition under N.J. Rev. Stat. § 56:4-1, and unfair competition under the Latham Act, Section 43(a), as withdrawn by Plaintiff. It is denied without prejudice to the extent that Plaintiff seeks entry of default judgment at this time on the claim of unjust enrichment against Defendant Adamantium.

**IT IS SO ORDERED.**

JOSE L. LINARES
U.S. DISTRICT JUDGE

3